IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. JOSEPH S. BURRIS, JR.**

**Extraordinary Appeal from the Circuit Court for Rutherford County
Nos. F-47015, F-46978    J. Steve Daniel, Judge**

---

**No. 01C01-9907-CC-00247 - Decided July 12, 2000
No. M1999-01059-CCA-R10-CD**

Defendant brought extraordinary appeal to challenge trial court's decision to withdraw acceptance of Defendant's guilty plea following clarification of the terms of the plea. We hold that the trial court properly exercised its authority. The case is remanded for continuation of proceedings consistent with this opinion.

**Tenn. R. App. P. 10 Extraordinary Appeal; Decision of the trial court Affirmed, Remanded for continuation of proceedings.**

WOODALL, J. delivered the opinion of the court, in which WADE, P.J. and WITT, J. joined.

Darrell L. Scarlett, Murfreesboro, Tennessee for the appellant, Joseph S. Burris, Jr.

Paul G. Summers, Attorney General and Reporter, Kim R. Helper, Assistant Attorney General, and William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In this extraordinary appeal Defendant challenges the trial court's decision to withdraw acceptance of Defendant's guilty plea following clarification of the terms of the plea. We hold that the trial court properly exercised its authority when it withdrew its initial acceptance of Defendant's plea. The trial court's action is consistent with the Tennessee Rules of Criminal Procedure, and is not barred by the double jeopardy clauses of the state and federal constitutions. We thus affirm the decision of the trial court, and remand the case for further proceedings consistent with this opinion.

**I.  Facts and Procedural Background**

Defendant was indicted on March 1, 1999, case number 46978, for possession of marijuana, possession of cocaine with intent to sell or deliver, theft less than $500 in value, and possession of drug paraphernalia. On March 3, 1999, in case number 47015, Defendant was indicted for Class B felony possession of over 26 grams of cocaine with intent to sell or deliver, and possession of marijuana.

Defendant negotiated a plea agreement in the above indictments. As to number 46978, Defendant agreed to plead guilty to a reduced charge of attempt to possess less than .5 grams of cocaine, and possession of marijuana. The theft count and the count alleging possession of drug paraphernalia were to be dismissed. As to number 47015, Defendant agreed to plead to the Class B felony charge of possession of more than .5 grams of cocaine with intent to sell or deliver (he was indicted for possession of more than 26 grams), and possession of marijuana.

Defendant plead guilty on April 13, 1999. The trial court accepted the plea at the guilty plea hearing and sentenced Defendant to the agreed upon sentences. On indictment 46978 Defendant was sentenced to 2 years for the cocaine charge and 11 months, 29 days for the marijuana charge. On indictment 47015 Defendant was sentenced to 8 years for the cocaine charge and 11 months, 29 days for the marijuana charge. The sentences for both marijuana charges were to run concurrently with the sentence for cocaine possession in indictment 47015. The sentence for cocaine possession in indictment 46978 was to run consecutively to that for cocaine possession in number 47015. Defendant's effective sentence was 10 years. The only issue that remained was whether Defendant would receive a suspended sentence, and the trial court set a hearing date for June 14, 1999, to allow for the preparation of a presentence report. A final judgment reflecting Defendant's plea was not entered in the record.

At the subsequent sentencing hearing it became apparent that the trial court did not have the same understanding of the terms of the plea as both the State and Defendant. The trial court entered an order stating that there was confusion as to what charge Defendant pled guilty to, and ordered a transcript of the guilty plea hearing to be prepared to assist the trial court in determining the terms of the plea. After a review of the transcript, the trial court sent a letter to the parties in which the trial court withdrew its acceptance of the plea. The trial court stated that as to indictment 47015 the trial court thought that Defendant was pleading as charged, to possession of more than 26 grams of cocaine. The trial court stated that it would not accept a plea on that count to any charge other than that set forth in the indictment, and thus withdrew the court's acceptance of Defendant's plea on all counts.

Defendant subsequently applied for permission to take an extraordinary appeal to this Court, which was granted.

## II. Analysis

Defendant argues that this Court must order the trial court to sentence Defendant in accordance with the terms of the plea agreement because jeopardy attached when the trial court accepted the plea. The State agrees with Defendant. We disagree. In our opinion there are two issues that must be resolved in order to determine whether the trial court had authority to withdraw acceptance of the pleas. First, we must ask if the trial court had the power to withdraw its acceptance of the plea. We answer this question in the affirmative. As a result, we next consider if the double jeopardy clauses of the United States Constitution and the Constitution of the State of Tennessee limit the power of the trial court to so vacate the plea. We think they do not.

Initially we note that there is no absolute right to have a plea agreement accepted by the trial court. State v. Turner, 713 S.W.2d 327, 329 (Tenn. Crim. App. 1986) (citing Santobello v. New York, 404 U.S. 257 (1971)). The ultimate decision whether to accept or reject a particular plea bargain agreement rests entirely with the trial court, and a prerequisite to the effectiveness and enforcement of the plea is its approval by the court. Id.

Here, the trial court set aside the plea after the court accepted the plea, but before the entry of judgment. Although no statute or rule of procedure specifically provides for such an action we think that this decision is within the inherent power of the trial court to correct its own error in connection with accepting a plea. See Kisloff v. Covington, 73 N.Y.2d 445, 450, 539 N.E.2d 565, 568 (N.Y. 1989). In this regard Rule 32(f) of the Tennessee Rules of Criminal Procedure is illustrative. Rule 32(f) governs when a defendant moves to set aside a guilty plea after the plea has been accepted by the court. The rule provides:

> a motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

Tenn. R. Crim. P. 32(f). This rule does not create a trial court's power to set aside a guilty plea, but instead limits the court's discretion by creating requirements that must be satisfied before a defendant may benefit from that power. As a result, the rule makes clear that a trial court does indeed have the power to set aside a guilty plea after the plea is accepted by the court. We note, however, that after judgment has been entered a trial court does not have the inherent power to withdraw its acceptance of the plea. See Kisloff, 73 N.Y.2d at 452, 539 N.E.2d at 569. This is also consistent with our case law regarding a defendant's attempt to withdraw a guilty plea. Once judgment has been entered, the only avenue available to a defendant seeking to withdraw a plea is a collateral proceeding under the Post-conviction Procedure Act. See State v. Antonio Demonte Lyons, No. 01C01-9508-CR-00263, 1997 WL 469501, at *6, Davidson County (Tenn. Crim. App., Nashville, Aug. 15, 1997) (no Rule 11 application filed).

We also hold that the double jeopardy clauses of the federal and Tennessee constitutions do not limit the action taken by the trial court. Defendant argues that jeopardy attached when the trial court unconditionally accepted Defendant's guilty plea. The State agrees with Defendant, and asks that we instruct the trial court to reinstate the plea and sentence Defendant consistent with the plea agreement. We do not agree. After careful reflection, and considerable research, we conclude that prohibitions against double jeopardy do not require Defendant's plea to be reinstated.

Three fundamental protections are encompassed in the principle of double jeopardy: (1) protection against a second prosecution after an acquittal; (2) protection against a second prosecution after conviction; and (3) protection against multiple punishments for the same offense. State v. Denton, 938 S.W.2d 373, 378 (Tenn. 1996) (citations omitted). The policy underlying double jeopardy is that the State, with all its resources, should not be able "to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and

ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." State v. Smith, 871 S.W.2d 667, 671 (Tenn. 1994) (quoting Green v. United States, 355 U.S. 184, 187-88 (1957)).

The starting point for a double jeopardy analysis in the context of a guilty plea is our Supreme Court's decision in State v. Todd. 654 S.W.2d 379 (Tenn. 1983). Todd was indicted for second degree murder and agreed to plead guilty to voluntary manslaughter. Id. at 380. The trial judge agreed to the reduction in the charge, but rejected the proposed sentence. Id. After re-negotiation, the plea was re-submitted to the trial court, but the court did not agree with the new punishment terms. Id. at 381. When the trial court was informed that the punishment proposed was the maximum available under the law for voluntary manslaughter, the court refused to accept the plea. Id. However, during the plea hearing the trial court signed an order reducing the charge to voluntary manslaughter. Id. The order was not entered in the minutes, but given to the district attorney general. Id. At trial Todd moved to have the order entered so as to be made part of the record. The trial court subsequently granted the motion and had the order made part of the record nunc pro tunc as of the date of the trial. Id.

On appeal Todd argued that the trial court's order reducing the charge placed him in jeopardy of being convicted of voluntary manslaughter, and thus he could not be tried for second degree murder. Id. Our Supreme Court held that Todd could be retried because the trial court had not accepted the plea. In so holding the court noted that to "raise a double jeopardy objection it is fundamental that a defendant must have been previously placed in jeopardy on the charge." Id. at 381 (citations omitted). After a lengthy discussion the court held that jeopardy does not attach at a hearing on a guilty plea until the plea is unconditionally accepted by the trial court. Id. at 383. The court concluded:

> Because defendant's plea was never accepted, jeopardy never attached and the trial court, therefore, was not prohibited by the double jeopardy clause from revoking its preliminary determination to reduce the charge as part of plea negotiations. Until a final judgment is entered a court is free to reject the plea and plea agreement.

Id. at 383 (citations omitted) (emphasis added).

Here, it is unclear if jeopardy has attached under the Todd analysis. Unlike Todd, the guilty plea here was accepted on the record. However, the trial court did not enter a final judgment. The plain language of Todd suggests that jeopardy did not attach. See id. See also United States v. Santiago-Soto, 825 F.2d 616, 620 (1st Cir. 1987) (interpreting Brown v. Ohio, 432 U.S. 161 (1977), and holding that jeopardy attaches only on sentencing and entry of final judgment). Nonetheless, we conclude that jeopardy did not attach because the instant facts do not raise double jeopardy concerns. First, the double jeopardy provisions in the Tennessee and federal constitutions are designed to prevent successive prosecutions and multiple punishments–there is no such concern here. The "constitutional policy of finality" is not threatened. United States v. Sanchez, 609 F.2d 761, 763 (5th Cir. 1980). Nor is there any threat of prosecutorial overreaching. Defendant "should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution,"

-4-

<u>Ohio v. Johnson</u>, 467 U.S. 493, 502 (1984), when the policies behind the clause are not at issue and the ends of justice will be defeated through a mechanical application of the clause. We note that other jurisdictions have reached similar conclusions when addressing double jeopardy claims in the context of a guilty plea. <u>See</u> <u>Santiago-Soto</u>, 825 F.2d at 619; <u>State v. Duval</u>, 156 Vt. 122, 589 A.2d 321 (Vt. 1991) (withdrawal of acceptance of guilty plea by trial court did not violate double jeopardy).

We reach the above result primarily because the miscommunication between the parties and the trial court is reflected in the record. At the guilty plea hearing the following colloquy took place:

Court:          Are you clear thinking and understanding what you're doing today, free from all drugs and alcohol?

Defendant:      Yes, sir.

Court:          Do you understand what you're charged with in the first case is a Class B Felony [Indictment # 47015], the amount of drugs being well in excess of .5 grams. <u>And that that carries with it 8 to 30 years in the state penitentiary and a $250,000 fine</u> (sic) <u>because of the weight of the drugs</u>? (emphasis added)

Defendant:      Yes, sir.

Court:          Do you understand that possession of marijuana is a Class A Misdemeanor, carries with it up to 11 months and 29 days in that particular case?

Defendant:      Yes, sir.

Court:          If you enter a plea in that first count, you're accepting an 8 year sentence <u>and pleading as charged</u>. Do you understand that? (emphasis added)

Defendant:      Yes, sir.

Court:          And you're accepting a $3,000 fine?

Defendant:      Yes, sir.
. . . .

Court:          All right. Then in the next case, 46978, Count Number 1, again you're charged with a Class B Felony, possession of cocaine over .5 grams. That carries 8 to 30 years. But you're pleading to the <u>reduced charge</u> of attempt to sell less than .5 grams, which would be a D

-5-

|  |  |
|---|---|
|  | Felony. And you're accepting a 2 year sentence there? (emphasis added) |
| Defendant: | Yes, sir. |
| . . . . |  |
| Court: | Case Number 47015, Count Number 1, to the charge of felonious possession of over .5 grams of cocaine for the purpose of sale or delivery, how do you plead? |
| Defendant: | Guilty. |
| . . . . |  |
| Court: | Case number 46978, Count Number 1, <u>to the charge reduced</u> – of an attempt to sell less than .5 grams of cocaine, how do you plead there, sir? |
| Defendant: | Guilty. |

(Emphasis added).

When the language of the trial court regarding the cocaine charges is compared, it is clear that in indictment 47015 the trial judge thought that Defendant was pleading as charged to possession of more than 26 grams of cocaine. This is reinforced by the trial judge's reference to the fine in indictment 47015; the maximum fine for possession of more than 26 grams of cocaine is $200,000, while maximum fine for possession of more than .5 grams of cocaine is $100,000. <u>See</u> Tenn. Code. Ann. 39-17-417(b), (i) (Supp. 1999). Thus the judge did not have the same understanding as the parties as to the terms of the plea.

### III Conclusion

We hold that the trial court properly exercised its power when it withdrew its acceptance of Defendant's guilty plea. We also hold that the constitutional prohibitions of double jeopardy do not limit the trial court's actions. A trial court may set aside a guilty plea, even after the trial court has accepted the plea, and not violate double jeopardy when (1) the trial court's acceptance of the plea is premised on an incorrect understanding of the plea's terms, and (2) that misunderstanding is reflected in the record.