IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2002

## STATE OF TENNESSEE v. DAVID W. BASS

**Appeal from the Criminal Court for Roane County**
**No. 12,1777      E. Eugene Eblen, Judge**

**No. E2001-01146-CCA-R3-CD**
**June 14, 2002**

The defendant, David W. Bass, was indicted for driving under the influence, violation of the implied consent law, failure to appear, and operating a motor vehicle with an improper taillight. Pursuant to a plea agreement, the defendant entered a plea of guilt to driving under the influence, first offense. After the entry of his plea but before sentencing, the defendant sought to withdraw his plea, arguing that it was not knowingly and voluntarily made. The trial court denied the motion and imposed a sentence of eleven months and twenty-nine days, with all but three days suspended. In this appeal of right, the defendant contends that the trial court erred by denying the motion to withdraw the guilty plea. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

John M. McFarland, Kingston, Tennessee, for the appellant, David W. Bass.

Paul G. Summers, Attorney General & Reporter; Braden H. Boucek, Assistant Attorney General; and Frank Harvey, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

The defendant was indicted for driving under the influence, violation of the implied consent law, failure to appear, and operating a motor vehicle with an improper taillight. The defendant entered a plea of guilt to driving under the influence, first offense. Pursuant to a plea agreement, the state agreed to dismiss the remaining charges and recommend a sentence of eleven months and twenty-nine days, with all but three days suspended. A fine of $400 was assessed.

At the entry of the defendant's guilty plea, the trial court specifically explained the terms of the agreement to the defendant and warned him that he would be giving up a number of constitutional rights if he chose to plead guilty. The defendant acknowledged that he understood and

persisted in pleading guilty. The trial court directed the defendant to return to court in three months for the imposition of sentence and the service of the jail term.

On the day he was scheduled for sentencing, the defendant filed a motion to withdraw his guilty plea, arguing that it was not knowingly and intelligently made. The trial court permitted defense counsel to withdraw, so that he could testify at the motion hearing, and appointed substitute counsel for the defendant. At the hearing on the motion to withdraw the defendant's guilty plea, the defendant's prior counsel testified that he had discussed with the defendant the legal options that were available and had read and explained the plea agreement "line by line." Prior counsel further claimed that he explained to the defendant the consequences of his guilty plea and expressed his belief that the defendant understood the plea agreement and its ramifications. He acknowledged that several weeks after the entry of the plea, the defendant informed him that he was "uncomfortable with the plea." It was prior counsel's belief that the defendant "probably was confused about" the terms.

A defendant who submits a guilty plea is not entitled to withdraw the plea as a matter of right. State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). In appropriate cases, trial courts have the authority to set aside a guilty plea after its acceptance. State v. Burris, 40 S.W.3d 520, 524 (Tenn. Crim. App. 2000). Under Tennessee Rule of Criminal Procedure 32(f), a defendant's motion to withdraw a plea of guilty filed before the imposition of sentence may be granted upon a showing "of any fair and just reason." A guilty plea will not be set aside simply because the defendant experiences a change of heart. See Ray v. State, 224 Tenn. 164, 170, 451 S.W.2d 854, 856 (1970). The withdrawal of a guilty plea is a matter of the sound discretion of the trial court. State v. Davis, 823 S.W.2d 217, 220 (Tenn. Crim. App. 1991). An abuse of discretion occurs when there is no substantial evidence to support the conclusion of the trial court. See Goosby v. State, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995) (citing State v. Williams, 851 S.W.2d 828, 830-31 (Tenn. Crim. App. 1992)). Our scope of review is, therefore, limited to a determination of whether there is substantial evidence to support the trial court's conclusion that the defendant's guilty plea was knowingly and voluntarily made.

The law is well established that a guilty plea may be withdrawn if it was not knowingly, voluntarily, and understandingly made. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). A plea which is the product of "ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats" is not voluntary. Boykin, 395 U.S. at 242-43. "[T]he core requirement of Boykin is 'that no guilty plea be accepted without an affirmative showing that it was intelligent and voluntary.'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Fontaine v. United States, 526 F.2d 514, 516 (6th Cir. 1975)).

When examining the voluntariness of a guilty plea, a reviewing court must consider the age of the defendant, the defendant's familiarity with the criminal justice system, the reasons for his decision to plead guilty, and whether the defendant was given ample opportunity to confer with counsel about all options available to him. Blankenship, 858 S.W.2d at 904. Further, before a plea may be considered knowingly and voluntarily entered, the defendant must be informed of the rights

and circumstances involved and nevertheless choose to waive or relinquish those rights. <u>State v. Mackey</u>, 553 S.W.2d 337, 340 (Tenn. 1977).

Here, the forty-six-year-old defendant entered a plea of guilty to driving under the influence pursuant to a plea agreement. In exchange for his guilty plea, the state dismissed three charges pending against him and made a sentencing recommendation to the trial court. At the time of the plea, the defendant was advised that he had the right to a jury trial, the right to compel and confront witnesses, and the right to maintain a plea of not guilty. The record demonstrates that the defendant expressed a clear understanding of those rights and made an informed choice to plead guilty. The trial court accredited his counsel's testimony that the defendant understood the terms of the agreement. Finally, the defendant made no assertion that his will was overborne, stating simply that he felt "uncomfortable" with the plea. That is not enough. It is our view that the trial court did not abuse its discretion by denying the defendant's motion to withdraw his guilty plea.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE