IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 24, 2003

## STATE OF TENNESSEE v. RICHARD PHILLIP MATHER

**Direct Appeal from the Circuit Court for Anderson County**
**No. A2CR0023     James B. Scott, Jr., Judge**

_____

**No. E2002-02344-CCA-R3-CD**
**November 6, 2003**
_____

The appellant, Richard Phillip Mather, pled guilty in the Anderson County Circuit Court to criminally negligent homicide. The trial court sentenced the appellant as a Range I standard offender to two years incarceration. On appeal, the appellant contends: (1) the trial court erred by failing to recuse himself from the proceedings; and (2) the trial court erred by rejecting the initial plea agreement. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

J. Thomas Marshall, Jr., District Public Defender; and Nancy C. Meyer, Assistant District Public Defender, for the appellant, Richard Phillip Mather.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; James N. Ramsey, District Attorney General; and Jan G. Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant pled guilty to criminally negligent homicide, a Class E felony, as a result of shooting and killing the sixteen-year-old victim, Brandon Hale. See Tenn. Code Ann. § 39-13-212 (1997). The appellant had asked for and received a pistol as a gift from his mother. The appellant had no training in the use of the weapon. On prior occasions, the appellant placed an empty cartridge inside the gun's chamber, pointed the gun either at others or at his own head, and pulled the trigger.

On this occasion, while showing the gun to the victim and their friends, the appellant pulled the trigger; the gun fired one shot which hit the victim; and the victim fell onto the floor. When the victim stated that he was unable to breathe, a witness called for medical assistance. However, the paramedics were unable to save the victim. According to the autopsy report, the victim died as a result of a single gunshot wound to the chest.

The appellant waited for the police to arrive at the scene. Upon arriving at the scene, the police officers observed that the crying appellant was "surprised" and "very remorseful." The appellant gave a statement to the police admitting he shot the victim while "fooling around" with the gun. He told the police officers he was unaware that a live shell was loaded inside the gun's chamber and he did not intend to harm the victim.

## I. TRIAL COURT PROCEEDINGS

On April 5, 2002, during a hearing, the trial judge informed the parties that he and the victim's grandfather attended high school together and were "close friends." On April 15th, defense counsel moved for the trial judge to recuse himself due to his relationship with the victim's grandparents. In denying the motion, the trial judge assured the parties that his relationship with the victim's grandfather would not affect his ability to be impartial.

At a plea hearing on May 24th, the parties informed the trial court that they had reached a plea agreement whereby the appellant would plead guilty to criminally negligent homicide and receive judicial diversion. After listening to the State's recitation of the facts, the trial court expressed reservations about accepting the plea agreement and continued the hearing in order to research the issue. On June 20th, the trial court entered an order rejecting the plea agreement which provided for judicial diversion.

On July 19th, defense counsel informed the trial court that she had filed an application for an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9 to appeal the trial court's denial of "diversion." On July 29th, a hearing was held during which defense counsel informed the trial court that the appellant had agreed to withdraw the Rule 9 motion based upon a similar case in which this court affirmed the denial of diversion. Counsel cited the case of State v. Christopher Cavnor, No. 02C01-9704-CR-00155, 1998 Tenn. Crim. App. LEXIS 401, at **13-14 (Jackson, Mar. 31, 1998) (denial of pretrial diversion affirmed based on similar facts), perm. to app. denied (Tenn. 1999). Defense counsel then announced that the appellant would plead guilty and be sentenced by the trial court. The trial court then explained to the victim's family that the appellant was pleading guilty as charged; the appellant was no longer seeking diversion; and the trial court would determine the sentence. Immediately thereafter, the appellant entered his guilty plea. On September 16th, the trial court conducted a sentencing hearing and sentenced the appellant as a Range I standard offender to two years incarceration.

## II. WAIVER

On appeal, the appellant raises only two issues, to-wit: whether the trial court erred in denying his motion for recusal and whether the trial court erred in refusing to accept his initial plea agreement. However, both alleged errors occurred prior to the appellant's plea of guilty. A guilty plea which is knowingly, voluntarily, and intelligently entered effectively waives all prior non-jurisdictional, procedural, and constitutional defects in the proceedings. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996); State v. McKissack, 917 S.W.2d 714, 716 (Tenn. Crim. App. 1995). The appellant does not contend that his guilty plea was unknowingly, involuntarily, or unintelligently entered. Accordingly, by entering the guilty plea, the appellant waived his right to

appeal the prior denial of the motion to recuse and prior rejection of the plea agreement. Moreover, we are unable to conclude that the trial judge erred in refusing to recuse himself or in rejecting the plea agreement. See State v. Hines, 919 S.W.2d 573, 578 (Tenn. 1995) (holding appellate court will not reverse failure to recuse absent a showing of abuse of discretion); State v. Burris, 40 S.W.3d 520, 523 (Tenn. Crim. App. 2000) (holding there is no absolute right to acceptance of a plea agreement by the trial court, and the decision rests "entirely with the trial court").

## CONCLUSION

Based upon our review of the record, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE