# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 5, 2008

## STATE OF TENNESSEE v. WILED MCMILLIAN

**Direct Appeal from the Circuit Court for Dyer County**
No. C05-395    R. Lee Moore, Jr., Judge

**No. W2008-00442-CCA-R3-CD  - Filed April 17, 2009**

The appellant, Wiled McMillian,[1] pled guilty in the Dyer County Circuit Court to one count of the sale of .5 grams or more of cocaine, and he received a sentence of ten years in the Tennessee Department of Correction.  Thereafter, the appellant filed a motion to withdraw his guilty plea.  The trial court denied the motion.  On appeal, the appellant challenges the ruling of the trial court.  Upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Tracey A. Brewer-Walker, Ripley, Tennessee (on appeal), and James Horner and James E. Lanier, Dyersburg, Tennessee (at trial), for the appellant, Wiled McMillian.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Karen Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record reflects that the appellant pled guilty to the charged offense on January 31, 2007. A notation on the written plea agreement provided that the appellant could "go to long term rehab after 6 months [in] jail."  According to the petitioner's brief, on February 26, 2007, he was transferred to the Tennessee Department of Correction, making him ineligible for long-term

---

[1]  The record also refers to the appellant as "Willie McMillian."

rehabilitation.

On March 26, 2007, the appellant filed a pro se petition for post-conviction relief. Counsel was appointed to represent him, and an amended post-conviction petition was filed. On July 6, 2007, a post-conviction hearing was held. At the post-conviction hearing, the appellant argued that his trial counsel was ineffective for not investigating the Dyer County Jail's policy on transferring inmates to the Department of Correction and that the ineffectiveness resulted in the appellant's plea not being knowingly and voluntarily made. The post-conviction court denied the petition, and, on appeal, this court affirmed the denial. See Wiled McMillian v. State, No. W2007-02280-CCA-R3-PC, 2008 WL 2901605, at *5 (Tenn. Crim. App. at Jackson, July 23, 2008).

On August 15, 2007, after the denial of his post-conviction petition, the appellant filed a motion to withdraw his guilty plea pursuant to Rule 32(f) of the Tennessee Rules of Criminal Procedure. In the motion, the appellant alleged that on February 26, 2007, less than thirty days after he entered his guilty plea, he was transferred from the local jail to the Department of Correction. He contended that because the transfer occurred before he had served six months, he was not eligible for release to a rehabilitation program. The appellant stated that the plea was not made in good faith because he was not apprised of the authority of the sheriff's department to transfer him to the Department of Correction. The appellant maintained that at the time of his transfer, he did not know that he could move to withdraw his guilty plea. Additionally, he asserted that his trial counsel was not informed of the appellant's transfer to the Department of Correction. The appellant asserted that "[b]y the time he was transferred to TDOC custody and his counsel was made aware of this situation, his time for moving to [withdraw] the plea under Rule 32(f) had expired." The appellant asked the court to waive the timely filing of the motion to withdraw his plea and to grant him the relief requested. In the alternative, the appellant asked the court to "reopen his post-conviction to assert his right to a delayed appeal."

The State responded to the motion, arguing that pursuant to Rule 32(f), the appellant was not entitled to withdraw his guilty plea after his judgment became final. Moreover, the State argued that there was no manifest injustice warranting setting aside the judgment because the appellant was informed during the guilty plea that transferring inmates to the Department of Correction was within the discretion of the jail "and that any agreement involving rehabilitation depended on whether or not the jail would retain the [appellant]." Therefore, the State asserted that the appellant had not shown manifest injustice. The trial court agreed with the State and denied the appellant's motion to withdraw his guilty plea.

On appeal, the appellant argues that "the trial court erred in finding that there was no manifest injustice involved with [the appellant's] guilty plea and denying his motion to [withdraw] such plea" and that "the trial court erred in offering recollection of the other guilty plea proceedings on addressing constitutional rights of an accused."

## II. Analysis

Initially, we note that the State argues that the appellant's notice of appeal was not timely filed and that the appeal should be dismissed. We disagree. This court previously explained that "[a] trial court's order denying a motion to [withdraw] a guilty plea must be brought before this Court on direct appeal." McMillian, No. W2007-02280-CCA-R3-PC, 2008 WL 2901605, at *5; see also Tenn. R. App. P. 3(b). Generally, Rule 4(a) of the Tennessee Rules of Appellate Procedure instructs that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." In the instant case, the document appealed from, the denial of the motion to withdraw the guilty plea, was filed on November 15, 2007. The notice of appeal was filed on November 19, 2007, making it timely filed.

Turning to the appellant's first issue, we note that once entered, a guilty plea cannot be withdrawn as a matter of right. State v. Mellon, 118 S.W.3d 340, 345 (Tenn. 2003). Rule 32(f) of the Tennessee Rules of Criminal Procedure governs the withdrawal of guilty pleas. The rule provides that "[b]efore sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason." Tenn. R. Crim. P. 32(f)(1). However, "[a]fter sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2).

Generally, "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). In the instant case, the plea was entered on January 31, 2007. The appellant filed a motion to withdraw his guilty plea on August 15, 2007, well after the judgment became final. Our supreme court has stated that "a trial court has no power to amend its judgment once the judgment becomes final, and the trial court is without jurisdiction to hear and decide a motion to withdraw a guilty plea after the judgment is final." Id. at 649; see also State v. Peele, 58 S.W.3d 701, 704 (Tenn. 2001). Therefore, the trial court had no authority to entertain a motion to withdraw a guilty plea which was filed after the judgment became final. See State v. Burris, 40 S.W.3d 520, 524 (Tenn. Crim. App. 2000). After judgment becomes final, the only available remedy is a post-conviction action. The trial court in the instant case did not err in denying the appellant's motion to withdraw his guilty plea.

The appellant contends that he is a "mentally disabled individual who could not have prepared a Motion to Set Aside his guilty plea in a timely manner due to the timing of his transfer to TDOC custody by the Dyer County Jail Administrator." However, the appellant has failed to demonstrate that he could not have filed a motion to withdraw his plea in a timely manner. Regardless, a careful reading of the appellant's argument reflects that his basic complaint is that his transfer to the Tennessee Department of Correction before the judgment became final and without notice to his attorney precluded a timely filing of a motion to withdraw his guilty plea.

This court has concluded that after a judgment becomes final, relief pursuant to Rule 32(f) is not available. However, a defendant may seek recourse under the Post-Conviction Procedure Act. Burris, 40 S.W.3d at 524; State v. Thomas Edward Hogue, No. M2005-02874-CCA-R3-CD, 2007

WL 674635, at \*3 (Tenn. Crim. App. at Nashville, Feb. 28, 2007). The appellant has already pursued post-conviction relief, the issues have been thoroughly litigated and addressed, and relief has been denied. McMillian, No. W2007-02280-CCA-R3-PC, 2008 WL 2901605, at \*5.

### III.  Conclusion

Finding no error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE