# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
August 21, 2012 Session

## STATE OF TENNESSEE v. JOSHUA JERMAINE WHITEHEAD

**Appeal from the Criminal Court for Knox County**
**No. 78199      Richard R. Baumgartner, Judge**

---

**No. E2012-00312-CCA-R3-CD - Filed October 3, 2012**

---

Joshua Jermaine Whitehead ("the Defendant") pled guilty in February 2004 to one count of attempted aggravated sexual battery and one count of aggravated assault. The Defendant was sentenced in May 2004 as a Range I offender to an effective sentence of nine years, suspended after service of one year. Due to repeated probation violations, the Defendant eventually served his entire sentence in confinement. The Defendant was released on August 19, 2011. On October 5, 2011, he filed a motion to withdraw his guilty plea on the basis that he was not informed of the lifetime community supervision consequence of his conviction for the sex offense. After a hearing, the trial court denied the Defendant's motion, and this appeal followed. Upon our thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P. J., and ALAN E. GLENN, J., joined.

Joshua Hedrick, Knoxville, Tennessee for the appellant, Joshua Jermaine Whitehead.

Robert E. Cooper, Jr., Attorney General & Reporter; John H. Bledsoe, Senior Counsel; Randy Nichols, District Attorney General; and Charme Knight, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The Defendant was indicted in September 2003 for three counts of rape of a child. He pled guilty in February 2004 to the lesser included offense of attempted aggravated sexual

battery on Count 2 (committed in 2001). The remaining counts were dismissed. The Defendant also pled guilty to a separate charge of aggravated assault. The trial court sentenced the Defendant to six years on the sex offense, suspended after service of one year. The trial court sentenced the Defendant to a consecutive term of three years on the aggravated assault charge.[1] On March 15, 2005, the Defendant was found to have violated the terms of his probation, and the trial court ordered him to serve 120 days in confinement and then returned him to probation. In May 2006, the trial court found that the Defendant again had violated the terms of his probation and ordered him to serve the remainder of his original sentence in confinement.

The Defendant was released from incarceration on August 19, 2011. On October 5, 2011, he (through counsel) filed a motion to withdraw his guilty plea on the basis that the trial court did not inform him that, as a result of his conviction for attempted aggravated sexual battery, he would be subject to lifetime community supervision, citing Ward v. State, 315 S.W.3d 461, 476 (Tenn. 2010). The trial court held a hearing on the Defendant's motion, at which the following proof was adduced:

The lawyer who represented the Defendant in his plea ("Counsel") testified that she did not discuss with the Defendant the lifetime community supervision consequence of his pleading guilty to attempted aggravated sexual battery. She did not discuss it with him at either his plea submission hearing or at his subsequent sentencing hearing. Nor did she discuss it with him when she represented him during his probation revocation proceedings. She also did not discuss it with the State during plea negotiations. She testified that she did not see the judgment order on the Defendant's conviction until after the Defendant had been released from incarceration after completing his sentence.[2] At that time, she "looked at the judgment and . . . noted that it appeared that someone in ink had marked – had checked the box for community supervision." She testified that she did not know "who did that or when, but [she] did find that very striking." She stated that, at the time the Defendant entered his plea, neither he nor she was aware that he would be subjected to community supervision for life. She also was not aware of the supervision component of the Defendant's sentence thirty days after the sentencing hearing. She had no knowledge of the community supervision requirement until the Defendant was charged with violating community supervision in late 2011. Upon becoming aware of the lifetime community supervision provision of the

---

[1] It appears that this sentence also was suspended, but the judgment of conviction on the aggravated assault offense is not in the record before us.

[2] Counsel could have discovered the lifetime supervision requirement had she inspected the judgment order at the time it was entered. We note, however, that the Tennessee Rules of Criminal Procedure do not require the State or the Clerk to serve a copy of the proposed or final judgment orders on a defendant's trial counsel.

Defendant's sentence, she filed a motion to withdraw his guilty plea. She stated that she filed the motion "within a week or two of getting the case down in sessions court."

The transcript of the Defendant's plea submission hearing was admitted as an exhibit. The State acknowledges, and we agree, that the trial court never informed the Defendant about the lifetime community supervision requirement. Nor, so far as the transcript reveals, did anyone else inform him. There is no indication in the record that the Defendant was aware of the requirement at the time he pled guilty. We note, however, that the record is also devoid of proof concerning the time at which the Defendant eventually learned of the lifetime community supervision aspect of his sentence.

After hearing proof and argument, the trial court took the matter under advisement and subsequently entered an order denying the Defendant's motion. Referring to the Tennessee Supreme Court's decisions in State v. Nagele, 353 S.W.3d 112 (Tenn. 2011), Ward, 315 S.W.3d at 476, and Tennessee Rule of Criminal Procedure 32(f), the trial court concluded that it did not have jurisdiction to grant the Defendant's motion to withdraw his guilty plea. This appeal followed.

*Tennessee Rule of Criminal Procedure 32(f)*

Our rules of criminal procedure permit a trial court to allow a defendant to withdraw his or her guilty plea under two circumstances. See Tenn. R. Crim. P. 32(f). If the defendant moves to withdraw his plea prior to the imposition of sentence, the trial court may grant the motion "for any fair and just reason." Tenn. R. Crim. P. 32(f)(1). If the defendant moves to withdraw his plea *after* the imposition of sentence, the trial court may grant the motion "to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2). However, motions in the latter category must be filed "before the judgment becomes final." Id. "As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). "After the trial court loses jurisdiction, generally it retains no power to amend a judgment." State v. Peele, 58 S.W.3d 701, 704 (Tenn. 2001) (citing Pendergrass, 937 S.W.2d at 837). Moreover, "[j]udgments made outside the court's jurisdiction are void." Id. Accordingly, once the judgment has become final, "the only avenue available to a defendant seeking to withdraw a plea is a collateral proceeding under the Post-conviction Procedure Act." State v. Burris, 40 S.W.3d 520, 524 (Tenn. Crim. App. 2000) (citing State v. Antonio Demonte Lyons, No. 01C01-9508-CR-00263, 1997 WL 469501, at *6 (Tenn. Crim. App. Aug 15, 1997)).

In this case, the Defendant filed his motion to withdraw his guilty plea many *years* after his judgment of conviction became final. Indeed, he does not contend that his motion

was timely filed. Rather, he argues that we should toll the running of the thirty-day period on due process grounds.

We recognize, of course, that "before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982)). We, however, note that the Defendant cites no case in which due process tolling has been applied to a Rule 32 motion to set aside a guilty plea. Rather, this appears to be an issue of first impression before this Court. For several reasons, we conclude in this case that it is not appropriate to extend a potential tolling remedy to the strict time restraint set forth in Tennessee Rule of Criminal Procedure 32(f)(2).

First, our supreme court has made clear that a trial court loses its jurisdiction to consider a motion to withdraw a guilty plea after the judgment becomes final. State v. Green, 106 S.W.3d 646, 648-49 (Tenn. 2003). Therefore, the trial court in this case was correct when it concluded that it did not have jurisdiction to grant the Defendant's motion. See also State v. Shawn Merritt, No. W2011-00662-CCA-R3-CD, 2011 WL 4865156, at *1 (Tenn. Crim. App. Oct. 13, 2011) (affirming trial court's dismissal of defendant's pro se petition to set aside his guilty pleas on basis that trial court did not inform him about lifetime supervision requirement when petition was filed almost two years after judgments became final and was therefore "time-barred"); State v. Thomas Edward Hogue, No. M2005-02874-CCA-R3-CD, 2007 WL 674635, at *3-4 (Tenn. Crim. App. Feb. 28, 2007) (where defendant pled guilty in 1999 and sought to withdraw his plea in 2005, the motion to withdraw "was not cognizable pursuant to Rule 32(f)" because it was filed after the judgment became final). Indeed, the trial court lacked the authority to hear the Defendant's untimely motion to withdraw his guilty plea, and the order denying the Defendant's motion was a nullity. See Green, 106 S.W.3d at 649 (citing Peele, 58 S.W.3d at 704). The Defendant has cited us to no authority for the proposition that a trial court may somehow be "reinvested" with jurisdiction to allow the withdrawal of a guilty plea after the judgment of conviction has become final.

We acknowledge that, in Nagele, the Tennessee Supreme Court allowed a defendant to withdraw his guilty plea on the basis of manifest injustice because he "did not have a full understanding of the mandatory nature of lifetime community supervision." Nagele, 353 S.W.3d at 120-21. In that case, however, the defendant's motion to withdraw his guilty plea was timely because the trial court had entered amended judgment orders and the defendant filed his motion to withdraw on the same day. See id. at 114. Accordingly, Nagele does not support the Defendant's position. In this case, the trial court was without jurisdiction to grant the Defendant's Rule 32(f)(2) motion because it was untimely.

-4-

Second, even if the trial court had jurisdiction to consider the Defendant's motion, the Defendant has offered us no authority for the tolling of the time constraints set forth in Rule 32(f)(2) on due process grounds. The crux of a tolling claim made on due process grounds is that the defendant is otherwise deprived of "an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." Burford, 845 S.W.2d at 208. Thus, principles of due process may come into play when, "under the circumstances of a particular case, application of the statute [of limitations] may not afford a reasonable opportunity to have the claimed issue heard and decided." Id. As indicated above, however, a defendant wishing to challenge the constitutionality of his guilty plea after his judgment of conviction has become final may proceed under the post-conviction act. See Burris, 40 S.W.3d at 524. Accordingly, strict application of the time constraints set forth in Rule 32(f)(2) does not compromise a defendant's due process rights in such a manner as to require tolling of the time period.

Finally, even if the trial court had jurisdiction to consider the Defendant's tolling argument, and even if the tolling argument is properly addressed to a Rule 32(f)(2) motion to withdraw a guilty plea, the Defendant has not adduced sufficient proof to support tolling. Because the Defendant did not testify at the hearing about when he, himself, learned about the lifetime community supervision requirement, it is entirely possible that he learned about it years before his lawyer filed the motion to withdraw. As this Court has recently explained:

> [E]ven when due process requires that the statute of limitations be tolled, an aggrieved defendant may not sit on his hands for an extended period of time after learning that he has potential grounds for relief. Although [our] supreme court has declined to establish a "bright line rule" for the applicable statute of limitations that should apply to an alleged late-arising claim . . . , it has certainly indicated that the timeliness of the petitioner's eventual filing is a relevant circumstance, see, e.g., Sample v. State, 82 S.W.3d 267, 275-76 (Tenn. 2002). Indeed, this Court has held that two years is too long to wait after learning of late-arising grounds for filing a [claim for relief]. See Tyrone Chalmers v. State, No. W2003-02759-CCA-R3-PC, 2005 WL 1249072, at *3 (Tenn. Crim. App. May 23, 2005). See also State v. Dana Louise Solomon, No. E2008-01713-CCA-R3CD, 2009 WL 3247427, at *1 (Tenn. Crim. App. Oct. 9, 2009) (due process tolling denied where petitioner failed to explain four-year delay in filing after alleged grounds for tolling ceased).

Derrick Brandon Bush v. State, No. M2011-02133-CCA-R3-PC, 2012 WL 2308280, at *10 (Tenn. Crim. App. June 15, 2012) (citation omitted). We note that, in his brief to this Court, the Defendant argues that "the period of time provided in Rule 32(f) for the filing of such a motion should be tolled until [a] defendant is aware that a due process violation exists in his

conviction." The record before us is silent as to when that moment occurred in the Defendant's case. We will not speculate about matters of fact not contained in the record.

In sum, we agree with the trial court in this case that, due to the late filing of the Defendant's motion to withdraw his guilty plea, the trial court lacked jurisdiction to grant the Defendant relief. Accordingly, the Defendant is entitled to no relief on this basis.

*Motion as Petition for Post-Conviction Relief*

Alternatively, the Defendant argues that his motion to withdraw his guilty plea should be treated as a petition for post-conviction relief. See Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995) ("It is well settled that a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought."); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (trial court may construe a pro se petition for habeas corpus relief as a petition for post-conviction relief if it is "a request for relief that may be granted only pursuant to the post-conviction statutes"); James Higgins v. State, No. W1999-01726-CCA-R3-PC, 2000 WL 303431, at *1 (Tenn. Crim. App. Mar. 23, 2000). As such, he argues, the one-year statute of limitations applicable to claims for post-conviction relief[3] should be tolled on due process grounds, see, e.g., Burford, 845 S.W.2d at 210, and his guilty plea should be set aside as constitutionally infirm.[4]

For the same reasons set forth above, the Defendant has failed to demonstrate that he is entitled to have the post-conviction statute of limitations tolled on due process grounds. Moreover, even if the Defendant had demonstrated sufficient grounds for tolling, he nonetheless would not be entitled to relief.

The Defendant's claim for relief, however construed, is an attempt to take advantage of the Tennessee Supreme Court's decision in Ward. In Ward, our high court held that a trial court accepting a guilty plea to certain offenses, including attempted aggravated sexual battery,[5] has an "affirmative duty to ensure that [the] defendant is informed and aware of the lifetime supervision requirement [of his or her sentence] prior to accepting a guilty plea." Ward, 315 S.W.3d at 476. If the trial court fails to discharge this duty, the defendant's plea is at risk of being held constitutionally infirm. Id. The Defendant is arguing that, because

---

[3] See Tenn. Code Ann. § 40-30-102(a) (2006).

[4] The Defendant presents this argument for the first time on appeal. Generally, an issue presented for the first time on appeal is deemed waived. See, e.g., State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995). Nevertheless, we have chosen to address the merits of the argument. See id.

[5] See Tenn. Code Ann. § 39-13-524(a) (Supp. 2001).

he never was made aware of the lifetime community supervision requirement until long after entering his plea, his plea is constitutionally invalid, and he must be allowed to withdraw it. See Nagele, 353 S.W.3d at 120-21.

However, the Ward decision was issued many years after the Defendant pled guilty. This Court has determined that the holding in Ward is not to be applied retroactively in collateral proceedings such as petitions for post-conviction relief. See Derrick Brandon Bush, 2012 WL 2308280, at *7, *9. Accordingly, even if we construed the Defendant's motion to withdraw his guilty plea as a petition for post-conviction relief, and also granted the Defendant relief from the one-year statute of limitations, such relief would not entitle him to withdraw his guilty plea on the basis that he was not informed by the trial court of the community lifetime supervision requirement.

In sum, the Defendant is not entitled to withdraw his guilty plea on the basis of Ward, regardless of any tolling argument or the characterization given to his pleading.

## **Conclusion**

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JEFFREY S. BIVINS, JUDGE