IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. MARIO PERKINS

**Appeal from the Criminal Court for Shelby County**
**No. 96-09282      Chris Craft, Judge**

### No. W2017-01941-CCA-R3-CD

The Appellant, Mario Perkins, is appealing the trial court's denial of his motion to withdraw his guilty plea and to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Mario Perkins, *pro se.*

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

The Appellant was originally charged with first degree murder and aggravated robbery in this case. He eventually pled guilty to second degree murder and aggravated robbery in 1996. Pursuant to the plea agreement, the Appellant received a forty-five year sentence as a Range III persistent offender for the second degree murder conviction and a concurrent eight year sentence for the aggravated robbery conviction. In 1999, the trial court entered an amended judgment to reflect the sentence for second degree murder was to be served at one hundred percent. The Appellant subsequently sought post-conviction relief which was denied. On appeal, this Court affirmed that denial. *Mario Perkins v. State*, No. 02C01-9805-CR-00127, 1999 WL 412720 (Tenn. Crim. App. June 18, 1999). The Appellant was also unsuccessful in his pursuit of habeas corpus relief. *Mario R.*

*Perkins v. State*, No. M2007-00698-CCA-R3-HC, 2007 WL 4548100 (Tenn. Crim. App. Dec. 19, 2007). In August 2017, the Appellant filed a motion to withdraw his guilty plea and to correct an alleged illegal sentence. The trial court summarily denied the same. This appeal ensued. The record and the Appellant's have been brief. In response, the State filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

In the motion he filed in the trial court, the Appellant argued the trial court did not have jurisdiction to amend the judgment to reflect service of the forty-five-year sentence at one hundred percent because the Appellant agreed to a forty-five-year sentence at forty-five percent. The original judgment entered in 1996 reflects the forty-five-year sentence will be served at forty-five percent release eligibility. The trial court amended the judgment to reflect "the intent of the parties" and to conform with Tennessee Code Annotated Section 40-35-501(i)(1) which mandates one hundred percent service of a sentence imposed for a conviction of certain enumerated offenses including second degree murder. The relevant amendment to that code section took effect July 1, 1995, approximately nine months prior to the murder in this case. The trial court recognized the fact the Appellant agreed to be sentenced out of range as a Range III offender instead of a Range I offender to avoid a possible life sentence for a first degree murder conviction. The forty-five-year sentence as a Range III offender for second degree murder, a Class A felony, was specifically authorized by statute. Tenn. Code Ann. § 40-35-112(c).

As noted above, the Appellant previously challenged the legality of his sentence via a habeas corpus petition. In that petition, the Appellant argued he could not be sentenced as a Range III persistent offender because he did not have the requisite criminal history. He also argued the trial court erred when it amended the judgment of conviction for second degree murder because "[a]t no time did [he] agree to a sentence of forty-five years at one hundred percent." *Perkins*, 2007 WL 4548100 at * 1. In affirming the denial of habeas corpus relief, this Court held as follows:

> We note that the petitioner first challenged his sentence for second degree murder in a post-conviction petition. On appeal, this court stated that the record clearly reflected that the petitioner agreed to a sentence of forty-five years with required service of a minimum eighty-five percent of his sentence, provided the appellant earned the requisite good time credits. *Mario Perkins v. State,* No. 02C01-9805-CR-00127, 1999 WL 412720, at * *3-4 (Tenn. Crim. App. at Jackson, June 18, 1999). We further note that the petitioner's original judgment of conviction for second degree murder reflected that the petitioner was sentenced to serve forty-five percent of his sentence in confinement, in contravention of Tennessee Code Annotated

2

section 40-35-501(i)(2)(B) which mandates service of one hundred percent of the sentence in confinement. That sentence would have been illegal. However, the petitioner's judgment of conviction, as corrected, shows no illegality on its face as it reflects that the petitioner must serve one hundred percent of his sentence in confinement. The trial court acted within its authority in correcting the judgment. *See* Tenn. R.Crim. P. 36 (providing that "[c]lerical mistakes in judgments . . . may be corrected by the court at any time").

*Id.*, at *3.

Tennessee Rule of Criminal Procedure 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

The trial court did not err in denying the Appellant's motion in this case. "[A] plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized by the plea offense." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). Moreover, as noted above, our Supreme Court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *Wooden*, 478 S.W.3d at 594-95. Indeed, that Court observed the language of Rule 36.1 "mirrors" the definition of an illegal sentence for habeas corpus purposes. *Id.* Accordingly, this Court's analysis in the Appellant's previous habeas corpus action controls the outcome herein. The trial court correctly ruled the Appellant did not state a colorable claim for relief pursuant to Rule 36.1.

3

As to the Appellant's request to withdraw his guilty plea, the trial court correctly ruled the Appellant's motion was untimely.  Tenn. R. Crim. P. 32(f).  A motion to withdraw a guilty plea may not be granted by the trial court after a judgment becomes final. *Id*.  *See also State v. Burris*, 40 S.W.3d 520, 524 (Tenn. Crim. App. 2000).  The Appellant filed his motion in this case well after judgment became final in 1996.  As *Burris* recognizes, "the only avenue available to a defendant seeking to withdraw a plea is a collateral proceeding under the Post-Conviction Procedure Act."  40 S.W.3d at 524.  The Appellant already pursued that avenue of relief, albeit unsuccessfully.  *Perkins*, 1999 WL 412720.

Accordingly, for these reasons, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
JOHN EVERTT WILLIAMS, JUDGE