IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 8, 2014

## TERRANCE B. BURNETT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 6484    Honorable Joe H. Walker, III,  Judge**

_____

**No. W2014-00314-CCA-R3-PC  - Filed September 22, 2014**

_____

The Petitioner, Terrance B. Burnett, appeals the Lauderdale County Circuit Court's summary dismissal of his third petition for post-conviction relief. On appeal, the Petitioner asserts that the post-conviction court erred in dismissing his petition without appointing counsel and conducting an evidentiary hearing. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined. JERRY L. SMITH, J., Not Participating.

Terrance B. Burnett, pro se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Mike Dunavant, District Attorney General; and Mark E. Davidson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

In the Petitioner's appeal from the denial of his first petition for post-conviction relief, the Tennessee Supreme Court summarized the facts and procedural history of the Petitioner's case as follows:

> On October 6, 1997, [the Petitioner] was indicted on two counts of felony murder, two counts of attempted first degree murder, one count of especially aggravated burglary, and one count of aggravated assault. The trial court appointed counsel to represent [the Petitioner], and the State filed a Notice of Intent to Seek the Death Penalty. On January 22, 1999, as a result

of negotiations with the State and the advice of counsel, [the Petitioner] pleaded guilty to two counts of felony murder, two counts of attempted first degree murder, and one count of especially aggravated burglary. In exchange for his pleas, the trial court sentenced [the Petitioner] to life imprisonment without the possibility of parole, twenty years, and eight years, respectively.

On January 21, 2000, [the Petitioner] filed a petition for post-conviction relief. He alleged: (1) that his pleas were unlawfully induced or involuntarily entered without an understanding of the nature and consequences of the pleas; (2) that he did not receive the effective assistance of counsel; and (3) "other grounds" not included in the petition but provided in a memorandum attached thereto. This memorandum is as follows:

> January 22, 1999, the last day before the trial, the [Petitioner]'s counsel and mitigation specialist visited the [the Petitioner] at the Lauderdale County, Tennessee jail with a TV and video cassette recorder machine and played a tape of the 20/20 special he recorded the night before January 22. It was a special of an inmate awaiting the Lethal Injection on Death Row. The show talked about the inmate['s] last days, last hours, last meals, and last time with family.

> After 19 months of leading the [Petitioner] on, the [Petitioner]'s defense team showed their true defense strategy, using coercion, terror, inducement, and subtle or blatant threats, they induced the [Petitioner] to plead guilty. So the plea was not willingly and intelligently made because of the method used to obtain it and so the plea is involuntary because it was unlawfully induced with an unqualified Death Penalty case counsel.

The trial court appointed counsel to represent [the Petitioner] and granted additional time within which to file an amended petition; no amendment was filed. The court also ordered that a transcript of the guilty plea submission hearing be prepared.

On July 31, 2000, the trial court dismissed [the Petitioner]'s petition without an evidentiary hearing. The court noted that it had thoroughly reviewed the transcript of the guilty plea submission hearing before ruling. In its dismissal order, the court made the following conclusions of law: (1) that the petitioner had been accurately informed by his attorneys and knew what he

was doing when he entered his plea; (2) that the petitioner could not have been prejudiced by any alleged deficiency of trial counsel; (3) that the petitioner knowingly and voluntarily pleaded guilty; and (4) that the petition failed to allege facts sufficient to entitle the petitioner to relief. Based on the above, the trial court concluded that the allegations did not merit an evidentiary hearing and dismissed the petition.

Burnett v. State, 92 S.W.3d 403, 405-06 (Tenn. 2002). The post-conviction court's summary dismissal was upheld by this court on appeal, and the Tennessee Supreme Court affirmed. Id. at 408.

On April 7, 2006, the Petitioner filed a second pro se pleading, styled, "Petitioner's Request for Forensic DNA Analysis Pursuant to § T.C.A. Title 40 Chapter 26 & 30 of the Post-Conviction Act of 2001." Terrance Burnett v. State, No 2006-01063-CCA-R3-PC, 2007 WL 1364546, at *1 (Tenn. Crim. App. May 8, 2007), perm. app. denied (Tenn. Sept. 24, 2007). The post-conviction court summarily dismissed the petition after concluding that the Petitioner failed "to meet the criteria in the allegations." Id. at *2. This court affirmed the summary dismissal on appeal, and the Tennessee Supreme Court denied permission to appeal. Id.

On August 25, 2009, the Petitioner filed a motion to withdraw his 1999 guilty plea. In the motion, the Petitioner claimed that (1) appointed counsel did not satisfy the minimum qualifications of counsel in capital cases as set out in Rule 13 of the Rules of the Tennessee Supreme Court; (2) the trial court erred in ordering him to be transported to the penitentiary while awaiting trial; and (3) he received ineffective assistance of counsel. On December 18, 2013, the Petitioner filed a motion requesting a ruling on his motion to withdraw his guilty plea. On December 24, 2013, the post-conviction court entered an order denying relief. The order states, in pertinent part:

> If this request is treated as a habeas petition: the grounds upon which habeas corpus relief is warranted are narrow. The writ will issue only when it appears on the face of the judgement or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired.
>
> The court finds that [the] [P]etitioner's sentence has not expired and the court had jurisdiction to sentence the defendant to such a sentence. Habeas corpus relief is not appropriate.
>
> . . .

> If the petition is treated as one for post-conviction relief, this court has no jurisdiction. T.C.A. [§§] 40-35-104 and 102. The [P]etitioner has attempted post[-]conviction relief. The statute has run.

Finding no grounds upon which to grant the Petitioner relief, the court denied the petition without the appointment of counsel or conducting an evidentiary hearing. On January 6, 2014, the Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner argues that the post-conviction court erred in denying his motion to withdraw his guilty plea without the appointment of counsel and without affording him the opportunity for an evidentiary hearing. The State responds that the post-conviction court properly denied relief because the Petitioner's motion is beyond the deadline to withdraw a guilty plea, the Petitioner has already had one post-conviction proceeding, and his current motion raises purely legal claims that he could have raised in his previous proceeding. Upon our review, we agree with the State that the post-conviction court properly denied relief.

The Tennessee Rules of Criminal Procedure permit a trial court to allow a defendant to withdraw his guilty plea in two circumstances. See Tenn. R. Crim. P. 32(f). A trial court may grant a defendant's motion to withdraw his guilty plea prior to the imposition of a sentence "for any fair and just reason." Tenn. R. Crim. P. 32(f)(1). After the imposition of a sentence, a trial court may only grant the motion "to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2). Where the motion is filed after the imposition of a sentence, however, the motion must be filed "before the judgment becomes final." Id. "As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." State v. Pendergrass, 937 S.W.2d. 834, 837 (Tenn. 1996). "After the court loses jurisdiction, generally it retains no power to amend a judgment." State v. Peele, 58 S.W.3d. 701, 704 (Tenn. 2001). "Judgments made outside of the court's jurisdiction are void." Id. Thus, once the judgment becomes final, "'the only avenue available to a defendant seeking to withdraw a guilty plea is a collateral proceeding under the Post-Conviction Procedure Act.'" State v. Joshua Jermaine Whitehead, No. E2012-00312-CCA-R3-CD, 2012 WL 4551345, at *2 (Tenn. Crim. App. Oct. 3, 2012) (quoting State v. Burris, 40 S.W.3d 520, 524 (Tenn. Crim. App. 2000)).

In the present case, the Petitioner's motion to withdraw his guilty plea was filed many years after the Petitioner's judgment of conviction became final. Accordingly, the post-conviction court appropriately treated the motion as a petition for post-conviction relief, or, in the alternative, a petition for habeas corpus relief.

-4-

We review the propriety of a post-conviction court's summary dismissal de novo. See, e.g., Burnett, 92 S.W.3d at 406; Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001). Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2006). The Post-Conviction Procedure Act requires that a post-conviction petition be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a). Section 40-30-102(b) sets out limited circumstances where late filings may be considered:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40–30–102(b). Additionally, due process concerns may toll the statute of limitations for seeking post-conviction relief. The Tennessee Supreme Court has stated:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)). However, the Post–Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief," and states that "[i]f a prior petition has

been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c).

The Petitioner's present petition constitutes his third petition for post-conviction relief and was filed well outside of the one-year statute of limitations. Despite his untimely filing, the Petitioner alleges none of the grounds under section 40-30-102(b) that would allow consideration of the petition. Likewise, he makes no allegation that due process considerations should toll the statute of limitations. See T.C.A. § 40-30-104(e) ("The petitioner shall include allegations of fact supporting each claim for relief set forth in the petition . . . ."); T.C.A. § 40-30-106(b) ("If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set for in the statute of limitations, . . . the judge shall enter an order dismissing the petition."); See also State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001) ("[I]t is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period."). Accordingly, the post-conviction court properly summarily dismissed the petition as untimely.

Additionally, as previously noted, the Petitioner has filed two other petitions for post-conviction relief. Like in his present petition, the Petitioner's first petition for post-conviction relief raised grounds of ineffective assistance of counsel and violations of Rule 13 of the Rules of the Tennessee Supreme Court. The first petition was summarily dismissed after the post-conviction court concluded that the petition failed to allege facts sufficient to entitle the petitioner to relief. See Burnett, 92 S.W.3d at 406. That dismissal was affirmed by both this court and the Tennessee Supreme Court. See id. Thus, two of the issues raised in the Petitioner's present petition have been previously litigated and, consequently, were subject to summary dismissal. See T.C.A. § 40-30-102(c); See e.g., State v. Christopher L. Williams, No. M2012-00533-CCA-R3-PC, 2012 WL 5595007, at *2 (Tenn. Crim. App. Nov. 13, 2012), perm. app. denied (Tenn. Mar. 5, 2013) (affirming summary dismissal of petitioner's third petition for post-conviction relief as "previously litigated" where the third petition raised the same issue as the prior petitions that had been summarily dismissed). The third and final issue raised in the present petition, that the trial court erred in transferring the Petitioner to the penitentiary, likewise does not entitle the Petitioner to relief. The Petitioner's first petition does not raise this claim, and the Petitioner's present petition fails to allege why this issue was not raised. See T.C.A. § 40-30-106(g)(1)-(2). As such, it is waived. See id.; see also State v. Swanson, 749 S.W.2d 731, 735 (Tenn. 1988) ("[P]ost-conviction proceedings are not intended to permit incessant relitigation of convictions and contemplate the timely, all-inclusive assertion of alleged deprivations of constitutional rights[.]"). Because all of the issues in the Petitioner's present petition have been previously determined or have been waived, the post-conviction court properly summarily dismissed the petition.

If we analyze the Petitioner's motion as a habeas corpus claim, as the post-conviction court did, the Petitioner is still not entitled to relief. A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64).

It is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998). In the present case, the Petitioner has not alleged that his sentence has expired or that the sentencing court was without jurisdiction to sentence him. Likewise, nothing in the record indicates that the Petitioner's judgment is void on its face. The Petitioner's claims, even if true, would not result in a void judgment or an expired sentence. Accordingly, the Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

Based on the foregoing authorities and analysis, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE