IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 24, 2019

## STATE OF TENNESSEE v. CARL DAVID ROE

### Appeal from the Circuit Court for Cocke County
### No. 9204     Carter S. Moore, Judge

### No. E2018-00609-CCA-R3-CD

The defendant, Carl David Roe, appeals the denial of his motion to withdraw his 2003 guilty plea to attempted aggravated sexual battery, arguing that the entry of an amended judgment in 2007 that added a requirement that the defendant be subject to community supervision for life invalidated the plea. Discerning no error, we affirm the denial of relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Carl David Roe, Clarksville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Jimmy B. Dunn, District Attorney General; and Tonya D. Thornton, Assistant District Attorney, for the appellee, State of Tennessee.

### OPINION

In July 2003, the Cocke County Grand Jury charged the defendant with one count of aggravated sexual battery, and, in February 2004, the defendant pleaded guilty to the lesser included offense of attempted aggravated sexual battery in exchange for an agreed sentence of six years to be served in the Department of Correction ("TDOC"). In July 2007, the trial court entered an amended judgment that included a mark next to the provision that "[p]ursuant to 39-13-524 the defendant is sentenced to community supervision for life" and noted in the Special Conditions portion of the judgment: "Amended to include community supervision for life."[1]

---

[1]     Code section 39-13-524, as applicable in this case, provided, in pertinent part, as follows:

Some 10 years later, in August 2017, the defendant moved the trial court, pursuant to Tennessee Rule of Criminal Procedure 32(f), to withdraw his guilty plea on grounds that he had not been advised at the time of his plea that he would be subject to community supervision for life and that the amended judgment adding this requirement had been entered without his knowledge or consent. The defendant asserted that he first learned "that he would be required to serve the additional term of community supervision for life" when he was released from TDOC following the service of his sentence. Citing *Ward v. State*, 315 S.W.3d 461 (Tenn. 2010), the defendant claimed that the trial court's failure to advise him of the community supervision requirement rendered his guilty plea unknowing and involuntary. The defendant said that he had not previously raised the issue because he "was not made aware of this ruling until just recently."

In answer to the motion, the State argued that the 2007 amendment of the judgment was necessary because the failure to include the community supervision requirement rendered the original judgment illegal and that a petition for writ of habeas corpus rather than a motion to withdraw the guilty plea was "the proper procedure for challenging an illegal sentence." The trial court summarily dismissed the defendant's motion based upon the "cause shown by the State of Tennessee in the Answer" to the defendant's motion.

In this appeal, the defendant argues that the trial court erred by summarily dismissing his motion, and the State contends that summary dismissal was appropriate.

*Rule 32(f)*

As indicated, the defendant moved to withdraw his plea under the terms of Tennessee Rule of Criminal Procedure 32(f). That rule provides:

(f) Withdrawal of Guilty Plea.

---

In addition to the punishment authorized by the specific statute prohibiting the conduct, any person who, on or after July 1, 1996, commits a violation of § 39-13-502, § 39-13-503, § 39-13-504, § 39-13-522, or attempts to commit a violation of any of these sections, shall receive a sentence of community supervision for life.

T.C.A. § 39-13-524 (a) (2003).

(1) Before Sentence Imposed. Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.

(2) After Sentence But Before Judgment Final. After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Tenn. R. Crim. P. 32(f). In this case, the defendant's judgment became final 30 days after its entry in 2004. Nothing in the plain language of Rule 32(f) allows the defendant to withdraw his plea after his judgment becomes final. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (observing that defendants have "thirty days within which to determine whether circumstances exist that may prompt the filing of a motion to withdraw the previously entered plea pursuant to Rule 32(f)").

We are cognizant that in *State v. Nagele*, our supreme court allowed Nagele to withdraw his guilty plea years after his November 13, 2002 guilty plea based upon his failure to fully understand "the mandatory nature of lifetime community supervision." *See State v. Nagele*, 353 S.W.3d 112, 121 (Tenn. 2011). In *Nagele*, the State moved the trial court to amend the judgment to include community supervision for life "two days before the expiration of" Nagele's sentence in February 2009, and the trial court entered a corrected judgment one month later. *Id.* at 115. Nagele immediately "moved to set aside the conviction, claiming that because he was not informed of the lifetime community supervision requirement, his plea was not knowingly and voluntarily made." *Id.* Without directly addressing the timeliness issue, our supreme court essentially treated Nagele's motion to withdraw as timely from the entry of the corrected judgment. In this case, however, the defendant filed his motion to withdraw more than 10 years after the filing of the amended judgment. In consequence, the motion is untimely, and summary dismissal was appropriate on this basis alone.[2]

*Petition for Post-Conviction Relief*

"It is well settled that a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995) (citations omitted). Thus, despite that the

---

[2] The defendant has not asked this court to address the issue of a due process tolling of the time limitation for the filing of a Rule 32(f) motion, and this court has previously concluded "that it is not appropriate to extend a potential tolling remedy to the strict time restraint set forth in Tennessee Rule of Criminal Procedure 32(f)(2)." *State v. Joshua Jermaine Whitehead*, No. E2012-00312-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Knoxville, Oct. 3, 2012).

defendant moved to withdraw his plea via a Rule 32(f) motion, the trial court could have treated the pleading according to the nature of the relief sought. In this case, the defendant alleged that, because he was not informed of the lifetime community supervision requirement, his guilty plea was unknowing and involuntary. Typically, "[t]he Post-Conviction Procedure Act . . . provides the procedure for attacking a constitutionally defective conviction based on a guilty plea that was not knowingly and voluntarily entered." *Johnson v. State*, 834 S.W.2d 922, 925 (Tenn. 1992); *see also State v. Burris*, 40 S.W.3d 520, 524 (Tenn. Crim. App. 2000) ("Once judgment has been entered, the only avenue available to a defendant seeking to withdraw a plea is a collateral proceeding under the Post-Conviction Procedure Act.").

Even if we viewed the defendant's pleading as a petition for post-conviction relief, however, he would not be entitled to the relief he desires.

Code section 40-30-102 provides that a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final," otherwise, "consideration of the petition shall be barred." T.C.A. § 40-30-102(a). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id*. § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met].").

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

-4-

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b). Code section 40-30-122 further provides:

For purposes of this part, a new rule of constitutional criminal law is announced if the result is not dictated by precedent existing at the time the petitioner's conviction became final and application of the rule was susceptible to debate among reasonable minds. A new rule of constitutional criminal law shall not be applied retroactively in a post-conviction proceeding unless the new rule places primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or requires the observance of fairness safeguards that are implicit in the concept of ordered liberty.

*Id.* § 40-30-122.

In his motion, the defendant citing *Ward v. State*, claimed that he was entitled to withdraw his plea because he was not alerted to the lifetime community supervision requirement before he entered his plea. In *Ward*, our supreme court held that "trial courts have an affirmative duty to ensure that a defendant is informed and aware of the lifetime supervision requirement prior to accepting a guilty plea" and that the failure to so inform the defendant rendered the plea unknowing and involuntary. *Ward v. State*, 315 S.W.3d 461, 476 (Tenn. 2010). In *Bush v. State*, the court characterized the *Ward* ruling as "an important new constitutional rule," but it nevertheless concluded that because the ruling in *Ward* was "neither a watershed rule of criminal procedure nor a rule that substantially enhances the accuracy of convictions," the ruling could not be classified as "implicit in the concept of ordered liberty" as required by Code section 40-30-122, and, accordingly, did not qualify as "a new constitutional right for which 'retroactive application . . . is required' under [Code section] 40-30-102(b)(1)." *Bush v. State*, 428 S.W.3d 1, 20-21 (Tenn. 2014). Consequently, the court ruled, the *Ward* decision "did not toll the Post-Conviction Procedure Act's one-year filing deadline." *Id.*

-5-

That being said, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See id.* at 22 (citing *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992), for the proposition that "due process requires that, once the legislature provides prisoners with a method for obtaining post-conviction relief, prisoners must be afforded an opportunity to seek this relief 'at a meaningful time and in a meaningful manner'"); *see also generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000). "[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush*, 428 S.W.3d at 22 (citing *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013)).

In this case, the defendant discovered the amended judgment with the lifetime supervision requirement added when he was released from prison following the service of the six-year sentence imposed in this case, which would have been sometime in 2009 or 2010. The supreme court's decision in *Ward* was filed in 2010. The defendant did not move to withdraw his plea until August 2017. Although the defendant claimed that he had only recently been made aware of the *Ward* decision, nothing in the record suggests that the defendant was otherwise diligently pursuing his rights. In consequence, the defendant has failed to show that he is entitled to due process tolling of the statute of limitations for filing a petition for post-conviction relief, and, as a result, his claim of an unknowing guilty plea as a ground for post-conviction relief is time barred.

*Petition for Writ of Habeas Corpus*

In its answer to the defendant's motion to withdraw his plea, the State suggested that a petition for writ of habeas corpus rather than a motion to withdraw the guilty plea was "the proper procedure for challenging an illegal sentence." To be sure, the trial court could have treated the defendant's untimely Rule 32(f) motion as a petition for writ of habeas corpus. Even if the trial court had done so, however, the defendant would not have prevailed.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained

-6-

of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Although the State is correct that a claim of sentence illegality may be litigated in a habeas corpus proceeding, the record establishes that the defendant's sentence as currently expressed is legal and that the amended judgment filed in this case is not void. The original judgment filed in the defendant's case did not include the provision for lifetime community supervision, which omission contravened Code section 39-13-524's requirement that "[t]he judgment of conviction for all persons to whom the provisions of subsection (a) apply shall include that the person is sentenced to community supervision for life." T.C.A. § 39-13-524(b). Consequently, the sentence as originally expressed was illegal, and "[t]he trial court had jurisdiction to correct the illegal sentence[] by amending the judgment[] of conviction." *State v. Bronson*, 172 S.W.3d 600, 602 (Tenn. Crim. App. 2005). The amended judgment filed by the trial court in this case, which now includes the community supervision requirement, is not void. Additionally, the defendant's claim that the addition of the lifetime supervision requirement rendered his guilty plea unknowing and involuntary is not a cognizable ground for habeas corpus relief. *See Archer*, 851 S.W.2d at 163. The defendant is not, therefore, entitled to habeas corpus relief.

*Conclusion*

The trial court did not err by summarily dismissing the defendant's motion to withdraw his guilty plea because the filing was time barred. Moreover, the defendant cannot establish entitlement to relief via either a petition for post-conviction relief or a petition for writ of habeas corpus. Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE